**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**MUNICIPAL DEPARTMENT, FIRST DISTRICT**

| | |
|---|---|
| **LAKE TERRACE CONDOMINIUM ASSOCIATION,**<br>*Plaintiff,*<br>***v.***<br>**MAYFAIR-HABITAT GROUP INC, ET AL,**<br>*Defendants.* | **No. 21 M1 705452** |

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into by and between (i) LAKE TERRACE CONDOMINIUM ASSOCIATION ("the Association or The Plaintiff") and (ii) MAYFAIR-HABITAT GROUP INC ("Mayfair or The Defendant"). The Association and Mayfair are collectively referred to herein as the "Parties," and each may individually also be referred to as a "Party." The Effective Date of this Agreement is the date on which the last Party signs the Agreement.

**WHEREAS**, Lake Terrace Condominium Association (Plaintiff) through their legal representation Kovitz Shifrin Nesbit, filed a lawsuit against Mayfair in the Circuit Court of Cook County, Illinois, Municipal Department, captioned *Lake Terrace Condominium Association v. Mayfair-Habitat Group Inc, Et Al*, Case. No. 2021 M1 705452 (the "Lawsuit"). The Lawsuit is currently pending;

**WHEREAS**, the Association filed an eviction action to collect unpaid assessment on thirty-one units Mayfair owned within the Association, totaling $282,105.91 when the case was filed. The failure to pay was a direct violation of all relevant versions of the Declaration of the Condominium, Pursuant to the Condominium Property Act for 7337 S. South Shore Drive,

Lake Terrace Condominium Association; On or about March 21, 2022, Mayfair agreed that they would pay Use and Occupancy, pending a trial date. The Defendant ultimately failed to pay Use and Occupancy as agreed.

**WHEREAS**, the Parties desire to settle and compromise the claims in the Lawsuit on the basis of the terms set forth in this Agreement; and

**WHEREAS**, as part of this Agreement, Mayfair shall reimburse the Association for all charges due and owing the Association which is the amount Mayfair has failed to pay under the terms of the Declaration.

**NOW THEREFORE**, for and in consideration of the promises, covenants, and conditions set forth below, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

IT IS HEREBY AGREED AND ORDERED:

1. On October 29, 2021, Lake Terrace Condominium Association (Plaintiff) through their legal representation Kovitz Shifrin Nesbit, filed an action for possession and judgment against Mayfair-Habitat Group Inc. (Defendant) for $282,105.91 for unpaid common expenses of 31 units owned by the Defendant. On November 17, 2022, the Plaintiff filed a Motion for Summary Judgement of which the Judge granted full judgment of back assessments and possession of each of the 31 units. However, shortly after the order was granted, the Court Clerk refused to enter the order due to "the nature that 31 units could not be under one case number." Rather than refiling 30 cases and reserve costing the Association initially thousands of additional filing fees and Sheriff fees that the Defendant would be responsible to pay, the parties agree to the following terms in lieu and pursuant to the ruling of Judge Denmark.
2. On February 1, 2023, 11 units having been fully served to the occupants and the Judge ruling that all dues for each unit is due, these 11 units are subject to 104.2(b) of the Eviction Statute that allows rents by tenants of an owner to be assigned to the Association to pay past amounts due. Therefore, the parties agree that the tenants will

make all rent and monthly assessment payments when due as of January 2023; the monthly assessment payment and monthly rent is to be paid to the Association until further notice.

3. **The Parties' Obligations**.

a. On March 1, 2023, the following 11 units having been served either by personal service or posting will begin paying assigned rents along with Section 8 directly to the Association; the following is each unit, the monthly assessment amount and monthly rent to be paid to the Association until further notice and what is owed and awarded as of January 2023.

| UNIT # | Tenant Name | Rent | Monthly Assessment Amount | Balance through 1/31/23 |
|---|---|---|---|---|
| 214 | Mitchell Tucker | $ 1,150.00 | $ 563.97 | $ 18,428.01 |
| 529 | Lawrence Watson | $ 1,200.00 | $ 546.73 | $ 18,793.75 |
| 812 | Gena Norman | $ 700.00 | $ 544.59 | $ 17,474.76 |
| 912 | **VACANT** | $ - | $ 548.90 | $ 16,783.88 |
| 1008 | Maynard Morgan | $ 1,200.00 | $ 553.19 | $ 14,047.72 |
| 1108 | Tony Sims | $ 322.00 | $ 557.51 | $ 19,126.14 |
| 1108 | Tony Sims **(Section 8)** | $ 755.00 | | |
| 1109 | **VACANT** | $ - | $ 602.71 | $ 20,162.58 |
| 1124 | Maurice Clark | $ 1,100.00 | $ 557.51 | $ 19,423.82 |
| 1206 | Kehinde Animashaun | $ 1,200.00 | $ 600.55 | $ 20,919.30 |
| 1212 | Ralph Adams | $ 900.00 | $ 561.80 | $ 19,495.24 |
| 1412 | Rebecca Johnson | $ - | $ 566.12 | $ 17,787.82 |
| 1412 | Rebecca Johnson **(Section 8)** | $ 1,029.00 | | |

b. On April 1, 2023, the following 20 units will begin paying assigned rents along with Section 8 directly to the Association; the following is each unit, the monthly assessment amount and monthly rent to be paid to the Association until further notice and what is owed and awarded as of January 2023.

| UNIT # | Tenant Name | Rent | Monthly Assessment Amount | Balance through 1/31/23 |
|---|---|---|---|---|
| 131 | **VACANT** | $ - | $ 319.48 | $ 11,776.45 |
| 209 | Deanna Wilson | $ 1,000.00 | $ 563.97 | $ 18,970.01 |
| 212 | **VACANT** | $ - | $ 518.76 | $ 17,558.52 |
| 220 | Jessica Hill | $ 754.00 | $ 518.76 | $ 17,881.52 |
| 220 | Jessica Hill **(Section 8)** | $ 289.00 | | |
| 229 | Martese Jackson | $ 1,000.00 | $ 533.83 | $ 17,060.53 |
| 312 | Lukumon Adedoyin | $ 1,000.00 | $ 523.05 | $ 19,535.40 |
| 412 | Torrey Henderson | $ - | $ 527.37 | $ 17,746.53 |
| 610 | Adewunmi Oluwabunmi | $ 850.00 | $ 355.17 | $ 11,731.25 |
| 612 | **VACANT** | $ - | $ 535.98 | $ 17,536.63 |
| 616 | Terrell Champion Jr | $ 177.00 | $ 574.72 | $ 18,137.48 |
| 616 | Terrell Champion Jr **(Section 8)** | $ 773.00 | | |
| 620 | Dowell Fountain | $ 202.00 | $ 535.98 | $ 18,180.63 |
| 620 | Dowell Fountain **(Section 8)** | $ 902.00 | | |
| 717 | **VACANT** | $ - | $ 811.51 | $ 26,126.92 |
| 918 | Felicia Smith | $ 1,004.00 | $ 587.65 | $ 19,782.08 |
| 918 | Felicia Smith **(Section 8)** | $ 103.00 | | |
| 1004 | Arefes Everette | $ 1,200.00 | $ 591.94 | $ 19,888.21 |
| 1012 | **VACANT** | $ 1,000.00 | $ 553.19 | $ 18,551.22 |
| 1112 | LaParis White | $ 29.00 | $ 557.51 | $ 19,529.14 |
| 1112 | LaParis White **(Section 8)** | $ 979.00 | | |
| 1408 | Cassie Neal | $ 233.00 | $ 566.12 | $ 19,926.12 |
| 1408 | Cassie Neal **(Section 8)** | $ 717.00 | | |
| 1411 | Marvin Henry | $ - | $ 419.74 | $ 14,403.38 |
| 1420 | Justice Otuaro | $ 1,200.00 | $ 566.12 | $ 17,942.32 |
| 1424 | Shaun Carr | $ - | $ 566.12 | $ 19,196.02 |

c. For those 7 vacant units noted above that have no tenants to pay assigned rents, the Association will receive voluntary possession from the Defendant on or before May 1, 2023, to make units in rentable condition to rent them out.

d. Or in the alternative, the units that need repairs will be repaired solely by defendant—AS LONG AS THE CONTRACTORS ARE LICENSED, BONDED AND APPROVED BY THE BOARD prior to any work to be performed AND ADHERE TO ALL THE ASSOCIATION'S COVENANTS.

e. **Should any units be sold, any profits must be paid toward the balance to that unit then to the highest balance unit and so forth.**

f. Three of the above units (#412, #1411 and #1424) cannot have rents collected at this time as the Defendant is in the process of evicting them for non-payment. Once those eviction actions are completed, the Association will receive voluntary possession, to make units in rentable condition to rent them out.

g. In the event of a default and breach of the payment terms for the first unit – the association will assign this case number to that unit specifically and be granted an immediate order of possession plus the Plaintiff may also seek to collect all newly- accruing assessments, late fees, attorneys' fees and costs, and any other charges assessed to the Defendant's account, less any payments made.

h. In the event of a default and breach of the payment terms for *subsequent* units, the Plaintiff may file an immediate (fast track) eviction lawsuit before Judge Sandra Denmark (who has already ruled on the merits) seeking possession and full judgment of all amounts due upon return date, after effective service has been made- for any individual units.. The Plaintiff may also seek to collect all newly-accruing assessments, late fees, attorneys' fees and costs, and any other charges assessed to the Defendant's account, less any payments made.

i. If an Eviction Order is entered, the statutory sixty (60) day stay of enforcement is waived and any Eviction Order shall be stayed for seven (7) days.

j. By signing this Agreed Order, MAYFAIR-HABITAT GROUP INC. and all Unknown Occupants are submitting to the Court's jurisdiction on this matter.

4. **No Third-Party Beneficiaries**. This Agreement is entered into solely for the benefit of the Parties and their successors and assigns, and is not intended to create, nor shall it be construed to create, any rights for the benefit of any other person, or to be

enforceable by any other person, directly or derivatively in the name of any of the Parties.

5. **No Assignment**. No Party shall assign, in whole or in part, this Agreement or any of their respective rights or obligations under this Agreement, without the prior written approval of all other Parties. Such approval shall not be unreasonably withheld.

6. **No Assignment of Claims**. The Parties represent and warrant that they have not sold, assigned, transferred, conveyed, or otherwise disposed of any of the claims or causes of action being released herein.

7. **Binding Effect**. This Agreement shall be binding upon and inure to the benefit of the Parties.

8. **Governing Law**. The Parties agree that this Agreement shall be governed by and construed in accordance with the internal laws, but not the conflict of law rules, of the State of Illinois.

9. **Legal Authority**. The individuals signing this Agreement represent and warrant that they are duly authorized to enter into and execute this Agreement on behalf of the Parties on behalf of which or whom they are signing.

10. **Advice of Counsel**. In entering into this Agreement, the Parties represent that they have relied upon the advice of their attorneys, who are the attorneys of their own choice, that all of the terms of this Agreement have been interpreted and explained to them by their attorneys, that those terms are fully understood and voluntarily accepted, and that no undue influence or inducement was made or given to compel settlement or to compel signing or initialing this document.

11. **Entire Agreement**. This Agreement constitutes the entire agreement of the Parties with regard to the settlement of the Lawsuit, any and all claims by the Association

and any and all un-asserted claims and counterclaims by the Association and the Board Members, regarding any of the issues that are raised in the Lawsuit, and there are no other understandings or agreements between or among any of the Parties with respect thereto. This Agreement may not be modified, amended, waived, or revoked orally, but only by a writing signed by all Parties or their attorneys.

12. **Venue and Jurisdiction**. If there is a lawsuit under this Agreement, each Party agrees to submit to the jurisdiction of the courts of Cook County, the State of Illinois.

13. **Severability**. If any term of this Agreement or any application thereof is held invalid or unenforceable, the remainder of this Agreement shall be construed as if such invalid part were never included herein and this Agreement shall be and remain valid and enforceable to the fullest extent permitted by law.

14. **Notice**. Any written notice given hereunder shall be sent by email, and separately by certified mail, return receipt requested, or messenger delivery, as follows:

If to the Association:

Julie A. Jacobson
Attorney for Plaintiff
Attorney Number #38862
175 Archer Avenue
Mundelein, IL 60060
847.537.0500
jjacobson@ksnlaw.com

If to Mayfair-Habitat Group:

Adeniyi Egbowon

Attorney for Defendant

620 N. River Road, Suite 106
Naperville, IL 60563
aegbowon@mayfairhabitatgroup.com

15. **Counterparts**. This Agreement may be executed in identical or original counterparts, with each counterpart constituting the entire Agreement.

16. **Facsimile and Electronic Signatures**. A facsimile signature and/or an electronic signature shall be considered the equivalent of an original signature.

**IN WITNESS WHEREOF**, the Parties hereto execute this Agreement, and this Agreement shall become fully effective on the Effective Date.

PLAINTIFF

By: ______________________________________

Date: ______________________________________

DEFENDANT

By: ______________________________________

Date: ______________________________________