**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| The Mayfair-Habitat Group Incorporated, | ) | NO. 25-06308 |
| Debtor. | ) | |
| | ) | Chapter 11 |
| | ) | |
| | ) | Honorable Judge Jacqueline P. Cox |

## NOTICE OF MOTION

TO: See Attached Certificate of Service

PLEASE TAKE NOTICE that on November 25, 2025, at 1:00 p.m., I will appear before the Honorable Jacqueline P. Cox, or any judge sitting in that judge's place, either in courtroom 680 of the Dirksen Federal Building, 219 S. Dearborn, Chicago, Illinois, or electronically as described below, and present **DEBTOR'S MOTION TO VACATE ORDER MODIFYING THE AUTOMATIC STAY BY LAKE TERRACE CONDOMINIUM ASSOCIATION ON OCTOBER 28, 2025 (DOCKET 58),** a copy of which is attached.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password.** The meeting ID for this hearing is 161 270 2896 and Passcode 778135. The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

**BY: S/ PAUL M. BACH**
**BACH LAW OFFICES, INC.**
P.O. BOX 1285
NORTHBROOK, ILLINOIS 60065
PHONE: (847) 564 0808
ATTORNEY NO: 6209530

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| The Mayfair-Habitat Group Incorporated, | ) | NO. 25-06308 |
| Debtor. | ) | |
| | ) | Chapter 11 |
| | ) | |
| | ) | Honorable Judge Jacqueline P. Cox |

**DEBTOR'S MOTION TO VACATE ORDER MODIFYING THE AUTOMATIC STAY BY LAKE TERRACE CONDOMINIUM ASSOCIATION ON OCTOBER 28, 2025 (DOCKET 58)**

**NOW COMES,** The Mayfair-Habitat Group Incorporated ("Debtor"), by and through their attorneys, Bach Law Offices, and pursuant to Federal Rule of Bankruptcy Procedure 9023(e) requests an order of this Court vacating the Order Modifying the Automatic Stay by Lake Terrance Condominium Association (Lake Terrance) entered on October 28, 2025, and in support of their motion state as follows:

1. The Debtors filed for relief under Chapter 11 of the United States Bankruptcy Code on April 24, 2025.

2. Upon the filing of the bankruptcy petition, the automatic stay went into effect pursuant to 11 U.S.C. § 362(a).

3. This Motion seeks to vacate the Order Granting Motion for Relief from Stay (the "Order") on the grounds that the Order improperly grants relief that was neither requested in the original Motion for Relief from Stay nor properly before this Court. Specifically, while Lake Terrace Condominium Association "Lake Terrance") sought only relief from the automatic stay in its Motion, the Order that was entered improperly requires turnover of property, stating that "Possession [of the units] shall revert back to the Association and are no longer property of

debtor's bankruptcy estate." This turnover relief was not requested in the Association's Motion and was only introduced in a proposed order submitted shortly before the hearing, depriving Debtor of proper notice and opportunity to respond. Moreover, such turnover relief is not appropriate in a motion for relief from stay and would require an adversary proceeding under the Federal Rules of Bankruptcy Procedure. *USCS Bankruptcy R 7001*.

## FACTUAL BACKGROUND

4. On October 7, 2025, the Association filed its Motion for Relief from Stay (the "Motion") regarding 31 condominium units owned by Debtor at 7337 S Shore Drive, Chicago, IL 60649. for thirty-one condominium units located at 7337 S Shore Drive, Unit Nos. 131, 209, 212, 214, 220, 229, 312, 412, 529, 610, 612, 616, 620, 717, 812, 912, 918, 1004, 1008, 1012, 1108, 1109, 1112, 1124, 1206, 1212, 1408, 1411, 1412, 1420 (“the thirty-one condominium units”).

5. The Motion specifically requested relief pursuant to 11 U.S.C. § 362(d), seeking only to modify the automatic stay. *11 USCS § 362*.

6. The "WHEREFORE" clause of the Motion specifically requested that this Court "enter an Order pursuant to 11 U.S.C. Section 362(d) modifying the automatic stay as to Movant, removing the Units within the Association from automatic stay protection, and for such other and further relief as this Court may deem just and proper."

7. At no point in the Motion did the Association request turnover of the property or a determination that the units were no longer property of the bankruptcy estate.

8. Approximately one hour before the scheduled hearing on October 28, 2025, the Association submitted a proposed order that went beyond the relief requested in the Motion,

adding language that "Possession [of the units] shall revert back to the Association and are no longer property of debtor's bankruptcy estate." The undersigned had no idea that the requested relief had changed at the time of the hearing and believed that the Order entered would be for the relief requested in the Motion by Lake Terrace.

9. The Court subsequently entered the Order containing this turnover language, which was not requested in the original Motion.

## LEGAL ARGUMENT

### The Order Improperly Grants Relief Not Requested in the Motion

10. It is a fundamental principle of due process that a court should not grant relief that was not requested in the underlying motion. The Association's Motion sought only relief from the automatic stay pursuant to 11 U.S.C. § 362(d), not turnover of property.

11. The Order, however, goes beyond modifying the stay and actually orders that possession of the units "shall revert back to the Association" and that the units "are no longer property of debtor's bankruptcy estate." This constitutes turnover relief that was never requested in the Motion.

12. The late submission of a proposed order containing relief not requested in the underlying motion deprived Debtor of proper notice and opportunity to respond, in violation of due process principles.

13. It is generally considered a denial of due process for a bankruptcy court in the 7th Circuit to grant relief without providing notice and an opportunity to be heard. The 7th Circuit has consistently emphasized the importance of procedural due process, which includes notice and the opportunity to respond before a court takes such actions. These procedural safeguards

were not in place in the case at bar. Courts nationally have recognized that bankruptcy courts possess the authority under 11 U.S.C.S. § 105 act sua sponte to enforce or implement court orders or rules, or to prevent an abuse of process. However, the exercise of this authority must be consistent with due process principles (which was missing here). Courts generally require notice and an opportunity to be heard before granting a Motion granting Relief from the Automatic Stay.

**Turnover Relief Requires an Adversary Proceeding**

14. Federal Rule of Bankruptcy Procedure 7001 specifically provides that "a proceeding to recover money or property" must be brought as an adversary proceeding, not through a motion. *USCS Bankruptcy R 7001.*

15. The Supreme Court has recognized that debtors typically must seek turnover through an adversary proceeding, though some courts may permit turnover by motion if adequate notice is provided. *City of Chi. v. Fulton*, 592 U.S. 154, 141 S. Ct. 585 (2021).

16. Here, the Association did not file an adversary proceeding seeking turnover of the property. Instead, it improperly obtained turnover relief through a proposed order that went beyond the scope of its Motion for Relief from Stay.

17. Even if turnover could be sought by motion rather than adversary proceeding in some circumstances, adequate notice would be required. The Association's last-minute submission of a proposed order containing turnover language approximately one hour before the hearing did not provide adequate notice to Debtor.

**Turnover Relief Is Not Appropriate in Bankruptcy Court Under These Circumstances**

18. The proper forum for the Association to seek possession of the units is the state court, not the bankruptcy court. Once the automatic stay is lifted, the Association may pursue its state law remedies for possession in the appropriate state court.

19. By ordering turnover of the property in bankruptcy court, the Order improperly circumvents state court eviction procedures that would otherwise apply once the stay is lifted.

20. The Order effectively grants the Association immediate possession without requiring it to follow the proper state court procedures, depriving Debtor of the procedural protections afforded by state law.

21. Bankruptcy Rule 9023 incorporates Federal Rule of Civil Procedure 59 and provides that a motion to alter or amend a judgment must be filed within 14 days after the judgment is entered.

22. Federal Rule of Civil Procedure 59(e), made applicable to this proceeding by Bankruptcy Rule 9023, allows a party to file a motion to alter or amend a judgment.

23. This Court should vacate its Order Modifying the Automatic Stay as the relief granted was inappropriate.

24. Relief from an order modifying the automatic stay is appropriate where the moving party can demonstrate that the court should reconsider its prior decision.

25. Based on the foregoing, there is good cause to vacate the Order Modifying the Automatic Stay entered on October 28, 2025.

**WHEREFORE**, the Debtors pray this Honorable Court, based on the fact that the Order entered improperly grants relief that was not requested in the Motion, was not properly before

this Court, and would require an adversary proceeding rather than a simple motion for relief from stay for the following relief:

A. Vacate the Order of Modification of the Automatic Stay filed by Lake Terrance Condominium Association on October 28, 2025;

B. For such other and further relief, this Court deems just and proper.

**BY: /S/ PAUL M. BACH**
**BACH LAW OFFICES**
COUNSEL FOR DEBTOR(S)
P.O. BOX 1285
NORTHBROOK, IL 60062
PHONE:(847) 564-0808
ATTORNEY NO: 6209530