UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| THE MAYFAIR-HABITAT GROUP, INC., | ) | CASE NO. 25-6308 |
| | ) | |
| DEBTOR. | ) | HON. JACQUELINE P. COX |

# NOTICE OF MOTION

TO: See attached list

PLEASE TAKE NOTICE that on **Tuesday, February 3, 2026**, **at 1:00 p.m.**, I will appear before the Honorable Jacqueline P. Cox, or any judge sitting in that judge's place, **either** in courtroom 680 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, IL 60604, **or** electronically as described below, and present the **UNITED STATES TRUSTEE'S MOTION TO CONVERT OR DISMISS A CHAPTER 11 CASE PURSUANT TO 11 U.S.C. § 1112(b) AND TO SHORTEN NOTICE,** a copy of which is attached.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet**, go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode**. The meeting ID for this hearing is **161 273 2896** and the passcode is **778135.** The meeting ID and passcode can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

*/s/ Joshua D. Greene*

Joshua D. Greene, Trial Attorney
U.S. Department of Justice
Office of the United States Trustee
219 S. Dearborn Street, Room 873
Chicago, Illinois 60604
(202) 538-4834

## CERTIFICATE OF SERVICE

I, Joshua D. Greene,

☒ an attorney, certify
- or -
☐ a non-attorney, declare under penalty of perjury under the laws of the United States of America

that on January 26, 2026, I caused to be served copies of this Notice, the attached Motion and proposed orders on the ECF Registrants shown below *via* the Court's Electronic Notice for Registrants and for all other entities listed on the service list, *via* First Class US Mail by BMC Group. A supplement to this Certificate of Service from BMC Group will be filed.

**SERVICE LIST**

**Registrants Served Through the Court's Electronic Notice for Registrants**

- Paul M. Bach paul@bachoffices.com, pnbach@bachoffices.com;bachecf@gmail.com;bach.paulm.b122358@notify.bestcase.com
- Penelope N Bach pnbach@bachoffices.com, bachecf@gmail.com;paul@bachoffices.com;bachpr57277@notify.bestcase.com;bach.penelopen.b122358@notify.bestcase.com;bachpr57277@notify-prod.bestcase.com
- Nicholas E Ballen nballen@klueverlawgroup.com
- Adam G. Brief Ustpregion11.es.ecf@usdoj.gov
- Ronald J. Kapustka ndaily@ksnlaw.com
- Nicholas J Landi nlandi@ksnlaw.com, khohe@uprightlaw.com
- Jon J Lieberman bankruptcy@sottileandbarile.com
- Neema T Varghese nvarghese@nvconsultingservices.com

**Registrants Served Via First Class Mail**

- See attached mailing matrix.

Label Matrix for local noticing
0752-1
Case 25-06308
Northern District of Illinois
Eastern Division
Mon Jan 26 13:33:54 CST 2026

Adeniyi Egbewon
26431 Silverleaf Drive
Plainfield, IL 60585-2491

Paul M. Bach
Bach Law Offices
P.O. Box 1285
Northbrook, IL 60065-1285

Penelope N Bach
Bach Law Offices
P.O. Box 1285
Northbrook, IL 60065-1285

Nicholas E Ballen
Kluever Law Group
200 N LaSalle St
Ste 1880
Chicago, IL 60601-1048

Adam G. Brief
Office of the U. S. Trustee, Region 11
219 South Dearborn
Room 873
Chicago, IL 60604-2027

India Carlisle

Cook County Clerk
118 N. Clark Street
Room 434
Chicago, IL 60602-1413

Cook County States Attorney
50 West Washington Street
Chicago, IL 60602-1379

Cook County Treasurer
118 N. Clark
Chicago, IL 60602-1590

Cook County Treasurer's Office
118 N Clark Street Room 112
Chicago, IL 60602-1590

Department of the Treasury
Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

FCI Lender Services, Inc.
C/O RA COGENCY GLOBAL INC.
600 SOUTH SECOND ST, SUITE 404
Springfield, IL 62704-2542

FCI Lender Services, Inc.
P.O. Box 27370
Anaheim, CA 92809-0112

(p)ILLINOIS DEPARTMENT OF REVENUE
BANKRUPTCY UNIT
PO BOX 19035
SPRINGFIELD IL 62794-9035

Internal Revenue Service
Mail Stop 5014CHI
230 S. Dearborn Street, Room 2600
Chicago, IL 60604-1705

Internal Revenue Service
Mail Stop 5014CHI
230 South Dearborn Street
Room 2600
Chicago, IL 60604-1705

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Johnnie Walker
11542 Nashville
Detroit, MI 48205-3294

Julie A. Jacobson
175 Archer Avenue
Mundelein, IL 60060-2301

Ronald J. Kapustka
Kovitz Shifrin Nesbit
One Overlook Point
Suite 590
Lincolnshire, IL 60069-4324

Lake Terrace Condominium
c/o Kovitz Shifrin Nesbit
One Overlook Point, Suite 590
Lincolnshire, IL 60069-4324

Lake Terrance Condominium Association
KSN REGISTERED AGENT, LLC
175 N ARCHER AVE
Mundelein, IL 60060-2301

Nicholas J Landi
Kovitz Shifrin Nesbit
One Overlook Point
Suite 590
Lincolnshire, IL 60069-4324

Jon J Lieberman
Sottile and Barile
394 Wards Corner Road
Loveland, OH 45140-8339

Mail Stop 5014CHI
230 S. Dearborn Street, Room 2600
Chicago, IL 60604

(p)SN SERVICING CORPORATION
323 FIFTH ST
EUREKA CA 95501-0305

SN Servicing Corporation
C/O RA Prentice Hall Corporation
801 Adai Stevenson Drive
Springfield, IL 62703-4261

Southshore Development LLC
C/O RA VIVIAN R. KHALAF
10003 S ROBERTS RD
Palos Hills, IL 60465-1533

The Mayfair-Habitat Group Incorporated
26431 Silverleaf Drive
Plainfield, IL 60585-2491

U.S. Bank Trust National Assoc et al.
C/O Polsinelli PC
150 N. Riverside Plaza, Suite 3000
Chicago, IL 60606-1599

U.S. Bank Trust National Association, as Tru
of the LB Igloo Series IV Trust
c/o SN Servicing Corporation
323 Fifth Street
Eureka, CA 95501-0305

Neema T Varghese
NV Consulting Services
701 Potomac, Ste 100
Naperville, IL 60565-3422

Will County Clerk
302 North Chicago Street
Joliet, IL 60432-4078

Will County Treasurer
302 North Chicago Street
Joliet, IL 60432-4059

Wilmington Savings Fund Society, FSB
Residential Credit Opportunities
Trust IX-A AMIP Management
3020 Old Ranch Parkway Suite 180
Seal Beach, CA 90740-2799

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Illinois Department of Revenue
PO Box 19035
Springfield, IL 62794

SN Servicing Corporation
323 5th Steet
Eureka, CA 95501

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Department of the Treasury
Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

(u)Lake Terrace Condominium Association

(u)Oak Brook, IL 60523

(u)Sottile & Barile, LLC
1415 West 22nd Street, Tower Floor

(u)U.S. Bank Trust National Association, as T

(d)Neema T Varghese
NV Consulting Services
701 Potomac, Ste 100
Naperville, IL 60565-3422

(u)Wilmington Savings Fund Society, FSB, as O

(du)Wilmington Savings Fund Society, FSB, as

End of Label Matrix

| | |
|---|---|
| Mailable recipients | 35 |
| Bypassed recipients | 8 |
| Total | 43 |

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| THE MAYFAIR-HABITAT GROUP, INC., | ) | CASE NO. 25-6308 |
| | ) | |
| DEBTOR. | ) | HON. JACQUELINE P. COX |

**UNITED STATES TRUSTEE'S MOTION TO DISMISS OR CONVERT CASE PURSUANT TO 11 U.S.C. § 1112(b) AND TO SHORTEN NOTICE**

Adam G. Brief, the Acting United States Trustee for the Northern District of Illinois (the "U.S. Trustee"), by and through his attorney, Joshua D. Greene, moves pursuant to 11 U.S.C. § 1112(b), for an order converting the above captioned Chapter 11 case to one under Chapter 7 for "cause," or in the alternative, dismissing the case (the "Motion") and to shorten notice. In support of the Motion, the U.S. Trustee states as follows:

**JURISDICTION**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

2. This is a core proceeding concerning the administration of the estate pursuant to 28 U.S.C. § 157(b)(2)(A) which this Court may hear and determine in accordance with the referral contained in IOP 15(A) and LR 40.3.1 of the United States District Court for the Northern District of Illinois.

3. Venue of this case in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The U.S. Trustee has standing to file the Motion under 11 U.S.C. § 307 and 28 U.S.C. § 586(a)(3).

**FACTUAL SUMMARY**

5. On April 24, 2025, The Mayfair-Habitat Group Incorporated ("Debtor") filed a voluntary petition for relief under Subchapter V of Chapter 11, commencing this case.

6. Neema T. Varghese was appointed as Subchapter V Trustee and continues to serve in that capacity.

7. The Debtor owns approximately thirty-one units in the building located at 7337 S. Shore Drive, Chicago, Illinois. Prior to the Petition Date, Lake Terrace Condominium Association filed an eviction action to collect unpaid assessments due and owing by the Debtor, which eventually resulted in the association taking possession of the units and collecting rents from the various occupants. The Debtor filed the present bankruptcy case to obtain possession of the units and attempt to reorganize.

8. The United States Trustee conducted the meeting of creditors on June 2, 2025.

9. On June 2, 2025, the Debtor's secured lender filed a Motion for Relief from Stay, which was granted by the court on October 14, 2025. *Dkt.* 22. Additionally, the Debtor's condominium association filed its ow Motion for Relief from Stay, which was granted on October 28, 2025. *Dkt*. 58.

10. After stay relief was granted, the Debtor filed a motion to sell the various units, which was granted on December 23, 2025. *Dkt.* 83

11. As of the date of this Motion, the Debtor has not closed on the sale of the units, despite the Debtor's representations that the sale was imminent. The U.S. Trustee has repeatedly requested an update on the status of the closing, which has not been provided by the Debtor.

12. Additionally, the Debtor has failed to file monthly operating reports for June, October, November and December of 2025.

13. Finally, the Debtor's insurance expired on December 31, 2025. The Debtor has not provided the U.S. Trustee with an updated certificate of insurance.

## ARGUMENT

### CAUSE EXISTS TO CONVERT OR DISMISS THIS CASE

14. In relevant part, section 1112(b) of the Bankruptcy Code provides that on the request of a party in interest, and after notice and a hearing, the court shall convert the case to Chapter 7 or dismiss the case, whichever is in the best interests of creditors of the estate, so long as the movant establishes "cause." See 11 U.S.C. § 1112(b)(1).

15. Section 1112(b)(4) sets forth a list of sixteen grounds that constitute "cause" for conversion or dismissal. See 11 U.S.C. § 1112(b)(4)(A)-(P). This list is not exhaustive, and a case may be dismissed or converted for causes other than those specifically identified in section 1112(b)(4). *See In re Tekena USA, LLC*, 419 B.R. 341, 346 (Bankr. N.D. Ill. 2009); *In Matter of Strug-Division, LLC*, 375 B.R. 445, 448 (Bankr. N.D. Ill. 2007).

16. "The court must convert a case to chapter 7 or dismiss the case if there is 'cause' to do so" unless the debtor can establish one of the exceptions. *See In re Aurora Memory Care, LLC*, 589 B.R. 631, 638 (Bankr. N.D. Ill. 2018). Once cause is established, the debtor has the burden of proving the required exceptions to fend off conversion or dismissal. *Id*. To fend off conversion or dismissal, the court must find "unusual circumstances" "establishing that converting or dismissing the case is not in the best interest of creditors and the estate." 11 U.S.C. § 1112(b)(2).

**The Debtor Has Failed to File Required Monthly Operating Reports**

17. The "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter" constitutes "cause" to convert or dismiss a case. *See* 11 U.S.C. § 1112(b)(4)(F); *see also In re Draiman*, 450 B.R. 777, 826 (Bankr. N.D. Ill. 2011). Debtors are required to timely file reports during the pendency of a Chapter 11 case. *See* 11 U.S.C. §§ 704(a)(8), 1106(a)(1), 1107(a).

18. "Timely and accurate financial disclosure is the life blood of the Chapter 11 process." *In re Berryhill*, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991). The reports are necessary to provide financial information about the debtor, and "a report filed late may be the practical equivalent of a failure to file any financial information at all." *In re Hyperion Found., Inc.*, No. 08-51288-NPO, 2009 WL 2477392, at *6 (Bankr. S.D. Miss. Aug. 11, 2009). A Chapter 11 debtor who fails to timely file monthly operating reports thus fails to "satisfy timely [a] filing or reporting requirement established by" the Bankruptcy Code, which in turn constitutes "cause to convert or dismiss" the debtor's case. *See* 11 U.S.C. §§ 1112(b)(1) & (b)(4)(F); *see also In re Tornheim*, 181 B.R. 161, 164 (Bankr. S.D.N.Y. 1995) ("Refusal or inability to provide financial disclosure sounds the death knell of a chapter 11 case. The failure to file monthly operating statements…whether based on inability to do so or otherwise, undermines the Chapter 11 process and constitutes cause for dismissal or conversion of the Chapter 11 proceedings,") (internal quotations and citations omitted).

19. The Debtor has failed to file any operating report for the past three months in which it has been in bankruptcy and failed to file the operating report for June 2025. Creditors have been provided with no recent disclosures of the Debtor's financial affairs, making it impossible to determine whether any Plan is feasible.

**Absence of a Reasonable Likelihood of Rehabilitation**

20. Section 1112(b)(4)(A) includes in the definition of "cause" the "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. §1112(b)(4)(A). The issue of rehabilitation for purposes of section 1112(b)(4)(A) is not the technical one of whether the debtor can confirm a plan, but, rather, whether the debtor's business prospects justify continuance of the reorganization effort. *In re: LG*

*Motors, Inc.*, 422 B.R. 110, 116 (Bankr. N.D. Ill. 2009).

21. In this case, the is no reasonable likelihood of rehabilitation. The Debtor is admittedly attempting to liquidate its primary assets consisting of the condo units. Despite over nine months passing since the Petition Date, the Debtor still has not closed a sale even though stay relief was granted in favor of the Debtor's secured lender and condo association months ago. Allowing the Debtor to continue in Chapter 11 would only increase administrative costs and other monthly expenses which it is unable to pay, resulting in a continued negative cash flow. Post petition administrative expenses and lack of ongoing operations that cause negative cash flow can be sufficient to establish a substantial or continuing loss to or diminution of the estate. *In re: M.A.R. Designs & Construction, Inc*. 653 B.R. 843,856 (S.D. Tex. 2023); *In re: Gateway Access Solutions*, 374 B.R 556,564 (Bankr. M.D. Penn. 2007).

**Failure to Maintain Insurance**

22. Here, the Debtor has failed to maintain insurance or has not provided the U.S. Trustee with evidence of insurance despite being requested by the U.S. Trustee to provide such evidence. The Debtor's prior insurance expired on December 31, 2025, but the Debtor has provided no evidence of current insurance coverage. The failure to maintain appropriate insurance that poses a risk to the estate or to the public constitutes "cause" for dismissal or conversion. *See* 11 U.S.C. § 1112(b)(4)(C). Cause exists under section 1112(b)(4)(C) when the failure to maintain insurance exposes the estate to liabilities that threaten creditors' recoveries, the stability of the bankrupt entity, or the public generally, based upon the inherent risks present in the circumstances of that particular debtor. *In re: Pure Repair and Trucking, LLC*, 658 B.R. 895, 904 (Bankr. S.D. Ohio 2024). An inability to pay is not an excuse to not maintain insurance sufficient to avoid conversion or dismissal under Section 1112(b)(4)(C*). In re: M.A.R. Designs & Construction, Inc*.,

653 B.R. 843, 861-62 (Bankr. S.D. Tex. 2023). The Debtor has a duty as Debtor in Possession under the Bankruptcy Code to protect its assets by obtaining insurance. The Debtor's assets consist of real estate holdings. In the event any of the Debtor's assets are damaged or cause damage to others, the estate would be saddled with substantial liability.

23. The failure to maintain insurance by the Debtor poses a serious risk to the estate and its creditors and is cause for dismissal.

**CONCLUSION AND REQUEST FOR SHORTENED NOTICE**

24. Based on the foregoing, the U.S. Trustee submits that cause exists under section 1112(b) to dismiss or convert this case to Chapter 7. The U.S. Trustee recommends that this case be dismissed. Most, if not all, of the Debtor assets are subject to liens, making it unlikely that there would be a distribution in a chapter 7 case. Finally, the U.S. Trustee also requests that notice of this motion be shortened from that required by FRBP 2002 for the reasons set forth herein.

WHEREFORE, the U.S. Trustee respectfully requests this Court enter an order dismissing this case, or in the alternative, converting it to a case under Chapter 7 of the Bankruptcy Code, and for such other relief as this Court deems just.

RESPECTFULLY SUBMITTED:

ADAM G. BRIEF
ACTING UNITED STATES TRUSTEE

Dated: January 26, 2026

By: */s/ Joshua D. Greene*

Joshua D. Greene, Trial Attorney
U.S. Department of Justice
Office of the United States Trustee
219 S. Dearborn Street, Room 873
Chicago, Illinois 60604
(202) 538-4834
joshua.d.greene@usdoj.gov